UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK L. HILLS,  	Civil Action No. 17-10858
	Honorable Laurie J. Michelson
       Plaintiff,  	Magistrate Judge Elizabeth A. Stafford

v.

JEFFERSON SESSIONS, *et al.,*

       Defendants.

_____/

**REPORT AND RECOMMENDATION TO**
**<u>DISMISS COMPLAINT [ECF No. 1]</u>**

**I.    BACKGROUND & ANALYSIS**

In March 2017, Plaintiff Derrick Hills, then a *pro se* prisoner, filed a civil rights action against United States Attorney General Jeff Sessions,[1] and Avery Brown, Program Director at Community Treatment Center—East (CTC), alleging that he was being deprived access to his prescribed medications, that he was not allowed to attend his preferred church services in violation of the First Amendment, and that he was forced to inhale cigarette smoke in a purportedly smoke-free environment.[2]  [ECF

---

[1] As of the date of this report and recommendation, Sessions has not yet been served.  [*See* ECF No. 27].

[2] On December 8, 2017, the Court issued an Opinion and Order consolidating this matter with Case No. 17-11596, and directing the clerk's office to administratively close Case No. 17-11596.  [ECF No. 34].

No. 1]. As relief, he requested that the Court order defendants to immediately provide him with a smoke-free halfway house and with all prescribed medications, and to allow him to attend the worship services at his church of choice. [*Id.*, PageID 5]. But Hills was released from custody by July 2017, [*see* ECF No. 30], so his requested injunctive relief is moot. "When a plaintiff is no longer incarcerated in the institution where the alleged violations occurred, injunctive relief is no longer needed and therefore must be denied as moot." *Jones v. Michigan*, 698 F. Supp. 2d 905, 918 (E.D. Mich. 2010).

In May 2017, Hills filed a one-page letter that he asked the Court to construe as an amended complaint, and that indicated that he was seeking one million dollars in compensatory damages and five million dollars in punitive damages. [ECF No. 18]. The Court struck this purported amended complaint, and ordered Hills to show cause by January 31, 2018 why the matter should not be dismissed for mootness. [ECF No. 36, PageID 103-08]. This order instructed Hills on the proper procedure for amending a complaint. [*Id.*].

Hills responded to the show cause order by agreeing that "a portion of the relief that he had requested cannot be granted and those matters are

2

moot." [ECF No. 37, PageID 111].  He argued that his "forced incarceration, his denial of court appointed counsel and the withholding of facilities and materials to prepare and litigate this matter" had rendered it impossible for him to comply with Federal Rule of Civil Procedure 15 when attempting to amend his complaint.  [*Id.*].  Yet he also described himself as a "paralegal who has successfully completed every legal assistant course at a local community college . . . ."  [*Id.*, PageID 110].

While leave to amend should be freely given "when justice so requires," it cannot be granted without the "opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  Here, despite the fact that the Court has stricken Hills' purported amended complaint and instructed him on the proper method for seeking leave to file an amended complaint, he has neither secured the consent of defendants nor filed leave to amend.  The Court cannot *sua sponte* amend Hills' complaint, especially since he has not filed an actual proposed amended complaint.  *See* E.D. Mich. L.R. 15.1 ("A party who moves to amend a pleading shall attach the proposed amended pleading to the motion.  Any amendment to a pleading [must] reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference.").

3

Hills' complaint should thus been dismissed as moot.

## II. CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that Hill's operative complaint [ECF No. 1] be **DISMISSED AS MOOT**.

Dated: May 23, 2018            s/Elizabeth A. Stafford
                               ELIZABETH A. STAFFORD
                               United State Magistrate Judge


### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers*

4

*Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  A copy of any objection must be served upon this Magistrate Judge.  E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 23, 2018.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager

5