UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK L. HILLS,

    Plaintiff,

v.

JEFFERSON SESSIONS, *et al.*,

    Defendants.

Case No. 17-10858
Honorable Laurie J. Michelson
Magistrate Judge Elizabeth A. Stafford

---

**ORDER ADOPTING IN PART THE REPORT AND RECOMMENDATION [41] OVERRULING IN PART PLAINTIFF'S OBJECTIONS [43] AND GRANTING PLAINTIFF'S MOTION TO AMEND [42]**

---

Derrick Hills, proceeding *pro se*, filed this lawsuit challenging the conditions of his confinement at a halfway house. (ECF No. 1, PageID.5.) Specifically, Hills sought injunctions ordering the halfway house to both enforce its ban on smoking and allow Hills to leave so he could attend church. (*Id.*) His case was referred to Magistrate Judge Elizabeth Stafford for all pretrial matters. (ECF No. 6.)

Hills was released from the halfway house before he could obtain the injunctive relief he sought. (*See* ECF No. 30.) Hoping to amend his complaint, Hills filed a one-page letter indicating that he was now seeking $1 million in compensatory damages and $5 million in punitive damages based on a new retaliation theory. (ECF No. 18.) Magistrate Judge Stafford struck the letter for failure to comply with Federal Rule of Civil Procedure 15 and ordered Hills to show cause why his case should not be dismissed as moot. (ECF No. 36, PageID.103–108.) And Magistrate Judge Stafford explained the proper procedure for amending a complaint. (*Id.*)

Hills responded to the order to show cause. (ECF No. 37.) He said that forces outside of his control prevented him from complying with Rule 15. (ECF No. 37, PageID.111.) Soon after,

Magistrate Judge Stafford issued a report recommending the dismissal of Hill's complaint as moot. (ECF No. 41, PageID.119.) And Hills objects to that recommendation. (ECF No. 43.)

The Court takes a fresh look at the portions of the Report and Recommendation to which Hills objects. *See* 28 U.S.C. § 636(b). The Court need not and does not perform a *de novo* review of the report's unobjected-to findings. *Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Garrison v. Equifax Info. Servs., LLC*, No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012).

Hills asks the Court to disregard the Magistrate Judge's Report and Recommendation. (ECF No. 43, PageID.130.) Not long after the report was issued, Hills sought leave to amend, following the instructions the Magistrate Judge gave him. (ECF No. 42.) So Hills says there is now no basis to dismiss the complaint. (*Id.*)

The Court declines Hill's invitation to disregard the Magistrate Judge's report. Magistrate Judge Stafford was right to deny Hills' first attempt at amendment. Her report correctly finds that Hills' letter did not comply with Rule 15. And so the Court overrules this objection and adopts the report's analysis of Rule 15.

However, though not due to any problem with the report, the Court declines to accept the Magistrate Judge's recommendation that Hills' case be dismissed. After the Magistrate Judge issued her Report and Recommendation, Hills sought leave to amend. (ECF No. 42.) And Rule 15 instructs courts to "freely give leave" to amend. *Kuyat v. BioMimetic Therapeutics, Inc.*, 747 F.3d 435, 444 (6th Cir. 2014). So the next step is to consider whether Hills' motion to amend would be futile. *See Harper v. Mastroianni*, No. 16-6211, 2017 U.S. App. LEXIS 14465, at *4 (6th Cir. March 23, 2017) (citing *Hoover v. Langston Equipment Assocs., Inc.*, 958 F.2d 742, 745 (6th Cir. 1992)).

Hills' motion to amend acknowledges he is no longer in custody and so agrees his claims for injunctive relief are moot. (ECF No. 42, PageID.123.) But now he seeks damages based on a new claim against new parties. (ECF No. 42, PageID.124.) According to Hills' allegations, a short time after he sued the halfway house's director, halfway house staff transferred him to the St. Clair County jail, without any evidence to warrant such a transfer, and kept him there for 70 days. (*Id.*) As a result, Hills says he lost wages from being unable to report to work, lost property, and suffered emotional distress. (*Id.*) So he seeks to bring a retaliation claim against the halfway house staffers who he claims orchestrated his transfer. (*Id.*)

Although Hills' proposed amended complaint takes this case in a new direction, the Court will grant the motion. True, this case is no longer about the conditions of his confinement at the halfway house. Now it is First Amendment claim centering on halfway house administrators' alleged retaliation against Hills. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 386–89 (6th Cir. 1999) (en banc). But the crux of the controversy remains the conduct of staff at the halfway house where he was once housed. (*Id.*) And Hills has alleged facts sufficient to state a plausible First Amendment retaliation claim. So Rule 15 does not stand in Hills' way and efficiency counsels in favor of allowing Hills to proceed with his new claim.

Accordingly, the Court adopts in part the Magistrate Judge's Report and Recommendation (ECF No. 41) and overrules in part Hills' objections to that Report (ECF No. 43). But the Court declines to dismiss Hills' case. Rather, the Court grants Hills' motion for leave to amend. (ECF No. 42.)

SO ORDERED.

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

Date: February 19, 2019

## CERTIFICATE OF SERVICE

  I hereby certify that a copy of the foregoing document was served upon counsel of record and/or pro se parties on this date, February 19, 2019, using the Electronic Court Filing system and/or first-class U.S. mail.

                s/William Barkholz
                Case Manager