UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK LEON HILLS,         Civil Action No.: 17-10858
                              Honorable Laurie J. Michelson
        Plaintiff,     Magistrate Judge Elizabeth A. Stafford

v.

JEFFERSON SESSIONS,
VERA KAYE
CUNNINGHAM,

        Defendants.

_____/

**REPORT AND RECOMMENDATION
TO GRANT MOTION FOR SUMMARY JUDGMENT [ECF NO. 58], AND
<u>TO DISMISS DEFENDANT JEFFERSON SESSIONS</u>**

## I.    Introduction and Background

In March 2017, Plaintiff Derrick Hills, then a *pro se* prisoner, filed a

complaint against former U.S. Attorney General Jefferson Sessions and

Avery Brown, a program director of the community treatment center (CTC)

where he was housed.  [ECF No. 1].  His complaint requested only

injunctive relief.  [*Id.*].  The Honorable Laurie J. Michelson referred this

matter to the undersigned for all pretrial matters under 28 U.S.C.

§ 636(b)(1).  [ECF No. 6].

After Hills was released from custody in July 2017, his requests for injunctive relief were moot, so the Court recommended that his complaint be dismissed.  [ECF No. 41].  Judge Michelson agreed that Hills' complaint was moot but granted him leave to amend his complaint.  [ECF No. 47].

In Hills' April 2019 amended complaint, he alleged that Defendant Vera Kaye Cunningham, a CTC director, violated his First Amendment rights by forcibly removing him from the CTC in 2017.  [ECF No. 54].  He made no new allegations against Brown or Sessions.  [*Id.*].  For that reason, and because Sessions was never served with a complaint in this case, the Court ordered Hills to show cause why Sessions should not be dismissed.  [ECF No. 49].  Hills did not respond.

Cunningham was served and moved for summary judgment under Federal Rules of Civil Procedure 12(b)(6), 12(d) and 56. [ECF No. 58].  Hills filed no response.  Cunningham's motion should be granted because the parties have settled this case.

## II.    Analysis

When a plaintiff fails to respond to a defendant's motion for summary judgment, the court may consider the plaintiff to have waived opposition to the motion.  *Humphrey v. U.S. Attorney General's Office*, 279 F. App'x 328, 331 (6th Cir. 2008).  Still, a defendant "bears the burden of demonstrating

2

the absence of a genuine issue as to a material fact," and "must always

bear this initial burden regardless if an adverse party fails to respond."

*Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991).

Here, summary judgment should be granted.  Cunningham's motion

includes a July 2018 "release in full of all claims and rights" signed by Hills

for this case.[1]  [ECF No. 58, PageID.174].  In exchange for $6,000, Hills

released and forever discharged "Avery Brown, Cherry Street Health

Services, their insurers, employees, principles, agents and

representatives."  [*Id.*].  Cunningham notes that Cherry Street Health

Services is the name of the CTC at issue.  [*Id.*, PageID.171].  The release

applies to all claims arising out of Hills' 2017 stay at the CTC, including

those under 42 U.S.C. § 1983 for violations of constitutional rights.  [*Id.*,

PageID.174].

An unambiguous release and settlement is summarily enforceable.

*Soltis v. J.C. Penney Corp.*, 635 F. App'x 245, 248-49 (6th Cir. 2015);

*Bamerilease Capital Corp. v. Nearburg*, 958 F.2d 150, 153 (6th Cir. 1992).

Cunningham has met her initial burden of showing that there is no genuine

dispute that a release and settlement applies to the claims against her.

---

[1]The other case identified in the release, 17-11596, was consolidated with
this one.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Hills' failure to present

any evidence to counter Cunningham's motion "is grounds for granting the

motion."  *Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009).

### III.    Conclusion

The Court **RECOMMENDS** that Cunningham's motion for summary

judgment **[ECF No. 58]** be **GRANTED,** and that Sessions be **DISMISSED**

since he has not been served and there is no claim against him in the

amended complaint.

> s/Elizabeth A. Stafford
> ELIZABETH A. STAFFORD
> United States Magistrate Judge

Dated: September 4, 2019

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this

Report and Recommendation, but must act within fourteen days of service

of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ.

P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any

further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v.*

*Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*,

638 F.2d 947 (6th Cir. 1981).  Filing objections which raise some issues but

fail to raise others with specificity will not preserve all objections that party

might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). A copy of any objection must be served upon this Magistrate Judge. E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

6

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 4, 2019.

<u>s/Marlena Williams</u>
MARLENA WILLIAMS
Case Manager