UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK L. HILLS,

    Plaintiff,

v.

JEFFERSON SESSIONS
and VERA KAYE CUNNINGHAM,

    Defendants.

Case No. 17-10858
Honorable Laurie J. Michelson
Magistrate Judge Elizabeth A. Stafford

**OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [60]**

Derrick Hills filed a pro se civil rights suit in 2017 that challenged the conditions of his confinement at the Community Treatment Center ("CTC"), a halfway house. (ECF No. 1.) But after being released from the halfway house, Hills sought to amend his complaint based on a new retaliation theory. (ECF No. 18.) Magistrate Judge Elizabeth A. Stafford issued a report and recommendation that Hills improperly amended his complaint and, therefore, the case should be dismissed as moot. (ECF No. 41, PageID.119.) Soon after, Hills moved to amend his complaint based on a theory of First Amendment retaliation. (ECF No. 42.) Namely, he alleged that defendant Vera Kaye Cunningham, an employee at the facility, "forcibly jailed" him in response to the filing of this lawsuit. (*Id.*) This Court granted Hills' motion to amend. (ECF No. 47.) *See generally Hills v. Sessions*, No. 17-10858, 2019 WL 668116 (E.D. Mich. Feb. 19, 2019).

Then, Cunningham moved for summary judgment. (ECF No. 58.) In that motion, Cunningham attached a "release in full of all claims and rights," signed by Hills and dated July 31, 2018. (ECF No. 58, PageID.174.) The release states that Hills "forever discharge[d]" the halfway house and its employees from any claims related to "civil rights violations, constitutional

violations, [and] State or Federal statutes." (*Id.*) The language explicitly covered actions that arose out of his stay at the CTC and the events mentioned in this lawsuit, but not limited to those events. (*Id.*) In exchange, the facility agreed to pay $6,000 to Hills. (*Id.*) So Cunningham argues that the release signed by Hills means that she cannot be liable for the claim in the amended complaint. (ECF No. 58.) Hills did not respond to her motion.

The magistrate judge, in a second report and recommendation, agreed with Cunningham. (ECF No. 60.) Because the settlement from July 2018 was unambiguous and enforceable as to Cunningham, no genuine dispute existed regarding the First Amendment retaliation claim, she wrote. (*Id.*) The magistrate judge also recommended dismissal of former United States Attorney General Jefferson Sessions—the other defendant—because the amended complaint did not allege claims against him and because he had never been served. (*Id.*)

In response, Hills only filed a one-sentence objection: "Plaintiff at no time divested his right to sue for retaliation." (ECF No. 61.) He made no other objections.

This Court performs a de novo review of the objected-to portions of a report and recommendation. *See* 28 U.S.C. § 636(b); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). Regarding the other findings, the Court need not and does not take a fresh look. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Garrison v. Equifax Info. Servs., LLC*, No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012).

First, the Court adopts the unobjected-to recommendation to dismiss Sessions from this litigation.

Second, the Court overrules Hills' objection and adopts the recommendation to grant summary judgment for Cunningham. "If the language of the release is unambiguous, it must be construed as written." *Kellogg Co. v. Sabhlok*, 471 F.3d 629, 632 (6th Cir. 2006) (citation omitted).

The July 2018 agreement clearly and unambiguously releases employees of the CTC from any constitutional claims that Hills had at the time of the lawsuit and thereafter; in exchange, Hills received $6,000. Cunningham was an employee covered by the agreement, and the amended complaint alleges a First Amendment violation. Plainly, then, the language of the release protects Cunningham from the claim in this suit.

Therefore, Hills' objection to the report and recommendation is OVERRULED and the report and recommendation (ECF No. 60) is ADOPTED. Sessions is DISMISSED from the suit and Cunningham's unopposed motion for summary judgment is GRANTED. Finally, Hills' motion for a scheduling order (ECF No. 62) is DENIED AS MOOT. The case is DISMISSED.

SO ORDERED.

Dated: January 28, 2020

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on January 28, 2020.

s/Erica Karhoff
Case Manager to
Honorable Laurie J. Michelson